UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ORIANA LORENA ATENCIO EPIAYU, MOISES ALEJANDRO ATENCIO EPIAYU, §§§§§ *Petitioners* §§ v. §§ MARY DE ANDA-YBARRA, FIELD OFFICE DIRECTOR OF ENFORCEMENT AND REMOVAL OPERATIONS, EL PASO FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT, KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. DEPARTMENT OF HOMELAND SECURITY, PAMELA BONDI, U.S. ATTORNEY GENERAL, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, BOBBY THOMPSON, WARDEN OF SOUTH TEXAS FAMILY RESIDENTIAL CENTER, §§§§§§§§§§§§§§§§§§§ *Respondents* § | Case No. SA-25-CA-01883-XR |

**ORDER GRANTING WRIT OF HABEAS CORPUS**

On this date, the Court considered Oriana Lorena Atencio Epiayu and Moises Alejandro Atencio Epiayu's Petition for a Writ of Habeas Corpus (ECF No. 1), the Federal Respondents' Response (ECF No. 4), and Petitioners' Reply (ECF No. 7). After careful consideration, the petition is **GRANTED**. It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioners Oriana Lorena Atencio Epiayu (A 243 156 150) and Moises Alejandro Atencio Epiayu (A 243 156 151) from custody, under conditions no more restrictive than those in place before the detention at issue in this case, to a public place by **February 2, 2026;**

1

2. Respondents must **NOTIFY** Petitioners' counsel by email[1] of the exact location and time of Petitioners' release as soon as practicable and **at least two hours before release;**

3. If Petitioners are re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed, including that Petitioners be afforded a bond hearing; and

4. Respondents shall **FILE** a status report on **February 3, 2026**, confirming that Petitioners have been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

## FACTUAL BACKGROUND

Petitioners are Oriana Lorena Atencio Epiayu and her minor son, Moises Alejandro Atencio Epiayu. ECF No. 1 ¶ 1. They are natives and citizens of Colombia who entered the United States without inspection in November 2022. ECF No. 7 ¶ 3. Immigration and Customs Enforcement ("ICE") encountered them and arrested them pursuant to 8 U.S.C. Section 1226(a). *Id.* ¶ 13. Petitioners received humanitarian parole, which expired in December 2023. *Id.*

Respondents did not initiate removal proceedings against Petitioners until October 2025. *Id* ¶ 13.[2] Upon initiating removal proceedings, ICE released Petitioners on their own recognizance pursuant to Section 1226(a). ECF No. 4-4 at 1. Petitioners have been found inadmissible only under 8 U.S.C. Section 1182(a)(6)(A)(i), for being present in the United States without being admitted or paroled or for arriving at a time or place other than as designated by the Attorney General. ECF No. 4-3 at 1, 3.

In November 2025, Petitioners attended a routine immigration check-in, and ICE detained them. ECF No. 1 at 5.

---

[1] Leticia Arroyo Gonzalez, l.gonzalez@gonzalezlawyer.com, 210-293-9393

[2] In fact, it appears they did not place Moises in removal proceedings until *November* 2025. *See* ECF No. 4-3 at 3.

An Immigration Judge denied Petitioners a bond hearing based on a recent Board of Immigration Appeals ("BIA") decision interpreting 8 U.S.C. Section 1225(b)(2)(A). *Id.* Under the BIA's reading, Section 1225(b)(2)(A) would generally require the detention without a bond hearing of every noncitizen who entered the country without inspection, unless they are "clearly and beyond a doubt entitled to be admitted." *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025); 8 U.S.C. § 1225(b)(2)(A).

## DISCUSSION

### I. Legal Standard

A habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) and citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

### II. Analysis

The parties dispute whether the Court has jurisdiction to order the relief Petitioners have requested and whether Petitioners are entitled to that relief. The Court considers its jurisdiction before turning to the merits.

   a. <u>Jurisdiction</u>

As a general matter, the Court has jurisdiction over Petitioners' habeas petition pursuant to 28 U.S.C. Sections 1331 and 2241. *See Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025

WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (Rosenthal, J.) ("A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law."). Respondents argue that 8 U.S.C. Sections 1252(g) and (b)(9) divest the Court of jurisdiction here. The Court disagrees.

1. *Section 1252(g)*

Respondents first argue that Section 1252(g) deprives the Court of jurisdiction. That subsection provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Section 1252(g) "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original) (quoting 8 U.S.C. § 1252(g)). It "does not bar courts from reviewing an alien detention order, because such an order, while intimately related to efforts to deport, is not itself a decision to execute removal orders and thus does not implicate [S]ection 1252(g)." *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *3 (W.D. Tex. Oct. 2, 2025) (cleaned up) (quoting *Cardoso v. Reno*, 216 F.3d 512, 516–17 (5th Cir. 2000)). Petitioners "do[] not challenge a decision to commence removal proceedings, adjudicate a case against [them], or execute a removal order . . . . [They] challenge[] the decision to detain [them]." *Guevara v. Swearingen*, No. 25 C 12549, 2025 WL 3158151, at *2 (N.D. Ill. Nov. 12, 2025). So Section 1252(g) does not divest the Court of jurisdiction.

      2. *Section 1252(b)(9)*

Respondents next argue that 8 U.S.C. Section 1252(b)(9) precludes jurisdiction.[3] Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus . . . , or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

This provision "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (cleaned up). It does not "'sweep within its scope claims with only a remote or attenuated connection to the removal of an alien'. . . [or] preclude review of claims that 'cannot be raised efficaciously within the administrative proceedings' already available." *Duron v. Johnson*, 898 F.3d 644, 647 (5th Cir. 2018) (quoting *Aguilar v. I.C.E.*, 510 F.3d 1, 9 (1st Cir. 2007)). Finally, it applies only "[w]ith respect to review of an order of removal." 8 U.S.C. § 1252(b); *Ozturk v. Hyde*, 136 F.4th 382, 399 (2d Cir. 2025); *Canal A Media Holding, LLC v. U.S. Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1257 (11th Cir. 2020); *Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643, at *2 (D. Colo. Oct. 24, 2025).

---

[3] Respondents also cite 8 U.S.C. Section 1225(b)(4) for this argument. That section provides,

> The decision of the examining immigration officer, if favorable to the admission of any alien, shall be subject to challenge by any other immigration officer and such challenge shall operate to take the alien whose privilege to be admitted is so challenged, before an immigration judge for a proceeding under section 1229a of this title.

Respondents do not allege that any "challenge" to a decision "favorable to the admission of any alien" has "operate[d] to take [Petitioners] before an immigration judge." 8 U.S.C. § 1225(b)(4). The relevance of this provision is not apparent.

5

Respondents' argument that Section 1252(b)(9) deprives this Court of jurisdiction fails for at least two reasons. First, Petitioners' claim—that Respondents lack "legal authority to subject them to mandatory detention under [Section] 1225 instead of detention with a bond hearing under [Section] 1226(a)"—"is not a review [of] an order of removal, the decision to seek removal, or the process by which removability will be determined." *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3 (S.D. Cal. Nov. 4, 2025); *Aguilar*, 510 F.3d at 11 ("[T]he legislative history indicates that Congress intended to create an exception for claims 'independent' of removal.").

Second, Petitioners cannot "efficaciously" raise their claims "'within the administrative proceedings' already available." *Duron*, 898 F.3d 647 (quoting *Aguilar*, 510 F.3d at 10). The core of this dispute is whether Petitioners can be detained with no bond hearing—that is, with no administrative opportunity to contest their detention—pending a removal determination. If Section 1252(b)(9) precluded this habeas petition, Petitioners' detention would be "effectively unreviewable," *Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018) (plurality), especially considering the BIA's novel position that immigration judges lack authority to even *entertain* bond requests, *Matter of Yajure Hurtado*, 29 I. & N. Dec. at 220. "By the time a final order of removal was eventually entered, the allegedly [illegal] detention would have already taken place. And of course, it is possible that no such order would ever be entered in a particular case, depriving that detainee of any meaningful chance for judicial review." *Jennings*, 583 U.S. at 293.

In short, the Court has jurisdiction to consider Petitioners' claims.

    b. <u>Merits</u>

Moving to the Merits, Respondents lack statutory authority to detain Petitioners without a bond hearing. Petitioners' detention is thus unlawful, and habeas relief is warranted.

*1. Section 1225(b)(1)*

To start, Petitioners are not detainable under Section 1225(b)(1). Section 1225(b)(1) allows expedited removal of certain "arriving" noncitizens and of certain noncitizens who have not "been physically present in the United States continuously for the 2-year period immediately prior to the date" they were determined inadmissible "under th[at] subparagraph."

If a noncitizen subject to expedited removal under Section 1225(b)(1) "indicates either an intention to apply for asylum" or "a fear of persecution," they are referred to an asylum officer for a credible fear interview. 8 U.S.C. § 1225(b)(1)(A)(ii). Only after that point does Section 1225(b)(1) require detention. 8 U.S.C. §§ 1225(b)(1)(A)(i), (b)(1)(A)(ii), (b)(1)(B)(ii), (b)(1)(B)(iii)(IV). Respondents do not claim that Petitioners were ever subject to expedited removal proceedings or referred to a credible fear interview.

Further, to fall under Section 1225(b)(1), a noncitizen must be found inadmissible for either (i) seeking admission by fraud or willful misrepresentation, 8 U.S.C. § 1182(a)(6)(C), or (ii) lacking proper entry documentation, 8 U.S.C. § 1182(a)(7). *See* 8 U.S.C. § 1225(b)(1)(A)(i). Petitioners have not been found inadmissible on either of those grounds.

For those reasons, Section 1225(b)(1) does not authorize Petitioners' detention.

*2. Section 1225(b)(2)*

The remaining statutory question is whether Section 1225(b)(2) applies to Petitioners. If so, Section 1225(b)(2) makes their detention mandatory. If not, Section 1226(a) applies, Petitioners' detention is discretionary, and they are entitled to a bond hearing if they remain detained. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025).

Section 1225(b)(2) requires someone to be detained if three conditions are met: (1) the person is an "applicant for admission"; (2) the person is "seeking admission"; and (3) an "examining immigration officer determines" the person "is not clearly and beyond a doubt entitled to be admitted." *E.g.*, *Granados v. Noem*, No. SA-25-CA-01464-XR, 2025 WL 3296314, at *6 (W.D. Tex. Nov. 26, 2025). Regardless of whether the relevant point in time is when Petitioners received humanitarian parole[4] or when they were detained in November 2025,[5] they were not "seeking admission."

Admission refers to "lawful entry . . . into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). When Petitioners were encountered in 2022, they might have been seeking entry, but they were not seeking *lawful* entry *after inspection and authorization*. And when they were detained in November 2025, they were not seeking entry at all. *See Martinez v. Mukasey*, 519 F.3d 532, 544 (5th Cir. 2008), *as amended* (June 5, 2008) ("Under th[e] statutory definition, 'admission' is the lawful *entry* of an alien after inspection, something quite different, obviously, from post-entry adjustment of status." (emphasis in original)). Because Petitioners are not "seeking admission," ICE may not detain them under Section 1225(b)(2).

Because Respondents do not claim that Petitioners are being detained under Section 1226, "the Court sees no reason to consider" Section 1226 as a basis for Petitioners' current detention. *See Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025). Thus, Petitioners' detention is unlawful, and habeas relief is proper. Petitioners must be released from detention.

---

[4] *See Goguev v. Noem*, 5:25-cv-01593-XR, ECF No. 7, at 3 (W.D. Tex. Jan. 13, 2026) (noting that a noncitizen whose parole is revoked is to "be restored to the status that [they] . . . had at the time of parole").

[5] *See* ECF No. 4-4 (releasing Petitioners under Section 1226 in October 2025, long after their parole had expired); ECF No. 4-3 (designating Petitioners as present without having been admitted or paroled, as opposed to "arriving," in October 2025).

**CONCLUSION**

For the foregoing reasons, the Petition for Habeas Corpus (ECF No. 1) is **GRANTED**, and Respondents are **DIRECTED** to release Petitioners in accordance with the parameters set forth on the first and second pages of this order.

The Clerk is **DIRECTED** to **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this 28th day of January, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE